UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN ERIC MORRIS, | CASE NO. C06-1621-MJP-MAT |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| BELINDA STEWART, | |
| Respondent. | |

I

Petitioner Ryan Eric Morris proceeds *pro se* in this 28 U.S.C. § 2254 habeas action. (Dkt. 1 & 16.) He is in custody pursuant to 2004 convictions by guilty plea of one count of kidnapping in the first degree, one count of assault in the second degree, one count of robbery in the first degree, and one count of taking a motor vehicle without permission in the second degree. (Dkt. 21, Ex. 1.) Petitioner raises three ground for relief in his habeas petition. (Dkts. 1 & 16.) Respondent filed an answer to the petition with relevant portions of the state court record. (Dkts. 19 & 21.) Respondent argues that petitioner failed to properly exhaust two of his grounds for relief and that the third ground is procedurally barred. Petitioner disputes respondent's arguments in a reply. (Dkt. 23.)

The Court has considered the record relevant to the grounds raised in the petition. For the reasons discussed herein, it is recommended that petitioner's habeas petition be denied and this

REPORT AND
RECOMMENDATION
PAGE -1

action dismissed.

## II

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> On November 29, 2004, Morris entered an <u>Alford</u> plea to first degree kidnapping, second degree assault, first degree robbery, and second degree taking a motor vehicle without permission. In his Statement of Defendant on Plea of Guilty, Morris agreed that the court could consider the Affidavit of Probable Cause to decide whether a factual basis existed for the plea. The Affidavit states that after Aaron Fonceca drove into his driveway in the early hours of February 2, 2003, he stepped out of the car and was sprayed in the face with "cap stun," hit several times and pushed into the back seat of his car by two men. He was driven to an unknown location, taken out of his car, sprayed again and struck with a metal object. Fonceca was then placed in the trunk of another car and driven around for several hours. When the car stopped, he was again sprayed in the face and struck with a metal object before being left with instructions not to look at the car.
>
> The police report attached to the Affidavit included a transcript of an interview with Fonceca providing more detail. In particular, Fonceca stated that he believed the first stop was Stoker Field where he was hit or kicked in the back of the head so hard that his face bounced off the telephone pole he was facing. He was told to empty his pockets; his cell phone, over $1600 in cash, and his driver's license were taken from him. He also stated that during the ride in the trunk of the car, he was taken out, sprayed and beaten at various times before he was eventually released.
>
> Morris agreed to the State's statement of his criminal history and to an offender score of 6. The trial court imposed a standard range sentence.

(Dkt. 21, Ex. 2 (footnotes omitted).)

On May 4, 2005, petitioner filed a motion to vacate his sentence with the Snohomish County Superior Court. (*Id*., Ex. 3.) He argued that his intent to commit robbery remained the same during the commission of the kidnapping, assault, and robbery and, therefore, that the crimes encompassed the same criminal conduct and warranted an offender score of two, rather than six. (*Id*. at 3.) On September 8, 2005, petitioner filed a motion to add a supplemental claim of ineffective assistance of counsel to his motion to vacate, asserting his counsel was ineffective in relation to the claim raised in the motion. (*Id*., Exs. 5 & 6.)

The Snohomish County Superior Court transferred petitioner's motion to vacate to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id*., Ex. 7.)

REPORT AND
RECOMMENDATION
PAGE -2

Following a response from the State, petitioner filed additional argument and authority in support of his petition. (*Id*., Ex. 9.) The Washington Court of Appeals dismissed the petition. (*Id*., Ex. 2.)

Petitioner filed a motion for discretionary review with the Washington Supreme Court, raising the following issue for review: "Whether the Court of Appeals committed obvious or probable error by violating Mr. Morris state and federal constitutional rights to due process since his offender score has been miscalculated due to misinterpretation of the same criminal conduct." (*Id*., Ex. 10 at 1.) The Commissioner of the Washington Supreme Court denied review. (*Id*., Ex. 11.) Petitioner moved to modify the ruling and the Washington Supreme Court denied the motion. (*Id*., Exs. 12 & 13.) The Washington Court of Appeals issued a Certificate of Finality on December 15, 2006. (*Id*., Ex. 14.)

On September 7, 2006, petitioner filed a motion to modify the judgment and sentence with the Snohomish County Superior Court. (*Id*., Ex. 15.) He argued that community placement/ custody constitutes imprisonment for the purposes of *Blakely v. Washington*, 542 U.S. 296 (2004), and that the trial court exceeded the maximum sentence range when it imposed a 130 month term of confinement and a 24 to 48 month term of community custody. (*Id*. at 3-7.) He also argued that the petition was not time-barred. (*Id*. at 7-10.) The Snohomish County Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id*., Ex. 16.) The Washington Court of Appeals dismissed the petition. (*Id*., Ex. 17.)

Petitioner filed a motion for discretionary review in the Washington Supreme Court, raising two issues for review:

    1.    Whether if community placement or custody constitute the same as imprisonment or confinement?

    2.    Whether if our state Supreme Court interpretation of the statutory construction language of "statutory maximum" goes back to the date of the enactment of the statute?

(*Id.*, Ex. 18 at 2.) The Commissioner of the Washington Supreme Court denied review. (*Id.*, Ex. 19.) The Commissioner found the petition barred by the expiration of the one-year statute of limitations under RCW 10.73.090(1) and determined that he failed to satisfy any exceptions to that statute of limitations as set forth in RCW 10.73.100. (*Id.* at 1-2.) The Commissioner also addressed the merits of petitioner's state law claim and found that he received a lawful sentence that was valid on its face. (*Id.* at 2.)

Petitioner filed a motion to modify the Commissioner's ruling. (*Id.*, Dkt. 20.) The Washington Supreme Court denied the motion. (*Id.*, Dkt. 21.) The Washington Court of Appeals issued its certificate of finality on March 28, 2007. (*Id.*, Dkt. 22.)

III

Petitioner here raises the following grounds for relief:

1. The petitioners sentence [is] constitutionally invalid because due process prohibits a defendant to be sentenced contrary to what legislatures allow.

2. Trial counsels performance fell below a reasonable objective standard violating petitioners Sixth Amendment [right] to adequate counsel.

3. Whether if Washington State's community placement or community custody constitutes as confinement?

(Dkt. 1 at 6, 8 and Dkt. 16 at 3.) Respondent asserts that petitioner failed to properly exhaust his first two grounds for relief and that his third ground for relief was expressly procedurally barred and is not cognizable in this federal habeas corpus action. For the reasons described below, the Court agrees with respondent.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351; *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004). *But see Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.")

Additionally, a petitioner must "alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Id.* (citing *Duncan*, 513 U.S. at 366). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

Pursuant to RCW 10.73.090, no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than a year after the judgment becomes final. Additionally, if the state court expressly declined to consider the merits of a claim based on an independent and adequate state procedural rule, or if an unexhausted claim would now be barred from consideration by the state court based on such a rule, a petitioner must demonstrate a

REPORT AND
RECOMMENDATION
PAGE -5

fundamental miscarriage of justice, or cause, *i.e.* some external objective factor that prevented compliance with the procedural rule, and prejudice, *i.e.* that the claim has merit. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 749-50 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989). This remains true where the state court reaches the merits of a federal claim in an alternative holding. *See Harris*, 489 U.S. at 264 n.10 ("[A] state court need not fear reaching the merits of a federal claim in an alternate holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); *Bargas v. Burns*, 179 F.3d 1207, 1214 (9th Cir. 1999) ("The state court concluded that petitioner procedurally defaulted - a state ground - and alternatively rejected petitioner's claim on the merits - a constitutional ground. The alternative federal law holding of the court in no way disturbs the independent state law ground for dismissal. Because the state trial court clearly set forth a state law ground on which petitioner's claim could be rejected, federal courts are precluded, under *Harris*, from reviewing that determination.")

In this case, while petitioner presented his first ground for relief as a federal constitutional claim before the Washington Supreme Court (Dkt. 21, Ex. 10 at 3 and 6), he raised it only as a state law claim before the Washington Court of Appeals (*id.*, Ex. 3). As such, this ground for relief is unexhausted and now procedurally barred.[1]  Also, because he raised it only in the Washington Court of Appeals (*id.*, Exs. 6, 9 & 10), petitioner's second ground for relief is unexhausted and now procedurally barred. Finally, because the Washington Supreme Court expressly found petitioner's third ground for relief procedurally barred pursuant to RCW 10.73.090 (*id.*, Ex. 19), petitioner may not pursue that claim here absent a showing of cause and

---

[1] It should be noted that, while the Washington Supreme Court did address the merits of petitioner's claim under state law, it did not address the merits of any such claim under federal law. (*See* Dkt. 21, Ex. 11.)

REPORT AND
RECOMMENDATION
PAGE -6

01 prejudice. Petitioner does not assert, nor does the Court find, any cause in this case. Further,
02 because petitioner fails to demonstrate cause for his procedural default, the Court need not
03 determine whether he demonstrates actual prejudice. *See Cavanaugh v. Kincheloe*, 877 F.2d
04 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). For all of these
05 reasons, petitioner's habeas petition should be denied.

06                                          IV

07     Petitioner's habeas petition should be denied and this action dismissed. A proposed Order
08 of Dismissal accompanies this Report and Recommendation. No evidentiary hearing is required
09 as the record conclusively shows petitioner is not entitled to relief.

10     DATED this 4th day of October, 2007.

12                                    /s/ Mary Alice Theiler
                                      Mary Alice Theiler
13                                    United States Magistrate Judge

REPORT AND
RECOMMENDATION
PAGE -7