UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN ERIC MORRIS,<br><br>                       Petitioner,<br><br>v.<br><br>BELINDA STEWART,<br><br>                       Respondent. | No. C06-1621 MJP<br><br>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Petitioner's Application for Certificate of Appealability. (Dkt. Nos. 32 & 33.)  Having considered Mr. Morris' motion and Defendant's response (Dkt. No. 35), the Court DENIES the motion for a certificate of appealability.

**Background**

Petitioner is in custody pursuant to convictions by guilty plea of one count of kidnapping in the first degree, one count of assault in the second degree, one count of robbery in the first degree, and one count of taking a motor vehicle without permission in the second degree.  (Dkt. No. 21 Ex. 1.)  In November 2006, Petitioner filed a § 2254 federal habeas petition with this Court and supplemented that petition in March 2007.  (Dkt. Nos. 1 & 16.)  In October 2007, the Court adopted Magistrate Judge Theiler's Report & Recommendation and denied the petition.  (Dkt. No. 26.)  Although Mr. Morris' petition raised three grounds for relief, Mr. Morris now moves for a certificate of appealability on only one of those grounds.  Mr. Morris seeks to appeal the following issue: "[w]hether Washington state's community custody or community placement is akin or constitutes imprisonment or confinement so that the custody should run within the standard range sentence." (App. for Cert. of Appealability at 2.)

ORDER - 1

**Discussion**

Under 28 U.S.C. § 2253(c), a petitioner may not appeal the denial of a habeas corpus petition unless the district court or a circuit court issues a certificate of appealability. The Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

In a case like this one, where the claims were dismissed on procedural grounds, a certificate of appealability "should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. But "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

**Petitioner's Claim is Procedurally Barred**

Mr. Morris is currently serving a sentence of 130 months incarceration followed by 24 to 48 months of community placement/custody. Mr. Morris argues that the community placement/custody constitutes imprisonment for purposes of Blakely v. Washington, 542 U.S. 296 (2004) and that the total term of the sentence, which Mr. Morris calculates at 178 months, exceeds the standard sentencing range of 130 months.

Mr. Morris first presented this argument to the Snohomish County Superior Court on September 7, 2006 when he filed a motion to modify the judgment and sentence. (Dkt. No. 21, Ex. 15.) The motion was transferred to the Washington Court of Appeals as a personal restraint petition where it was dismissed. (Dkt. No. 21, Exs. 16 & 17.) Mr. Morris then filed a motion for

ORDER - 2

discretionary review in the Washington Supreme Court but the petition was denied. (Dkt. No. 21, Ex. 19.) The Commissioner of the Washington Supreme Court found that Mr. Morris' petition was barred because the one-year statute of limitations under RCW 10.73.090 had expired and Mr. Morris did not fall within any exceptions to that statute of limitations under RCW 10.73.100. Id. Despite finding that the petition was time-barred, the Commissioner also addressed the merits of Mr. Morris' argument under state law and found that his sentence, including the 24 to 48 months of community custody/placement, was valid on its face. Id. The Commissioner did not address the merits of Mr. Morris' claims under federal law. After the Washington Supreme Court denied Petitioner's motion to modify the Commissioner's ruling, the Washington Court of Appeals issued its certificate of finality on March 28, 2007. (Dkt. No. 21, Ex. 22.)

Review of a federal habeas petition is barred when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 729-730 (U.S. 1991). This rule applies even when the state court reaches the merits of a claim in an alternate holding. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Bargas v. Burns, 179 F.3d 1207, 1214 (9th Cir. 1999) (despite the fact that the state court rejected petitioner's claim on the merits, "[b]ecause the state trial court clearly set forth a state law ground on which petitioner's claim could be rejected, federal courts are precluded, under Harris, from reviewing that determination"). Because the Washington Supreme Court expressly found Mr. Morris' ground for relief procedurally barred pursuant to RCW 10.73.090, Petitioner may not pursue that claim here "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Mr. Morris has not offered the Court any reason why he failed to file his personal restraint petition within the time period dictated by RCW 10.73.090 and RCW 10.73.100. Nor does this Court believe that a failure to consider Mr. Morris' claim will result in a fundamental miscarriage of justice. Mr. Morris argues that his sentence exceeds the statutory maximum because community

ORDER - 3

1  placement/custody constitutes confinement. Mr. Morris cites several cases for support and argues
2  that this Court should have stayed review of his federal habeas petition until after the Washington
3  Supreme Court hears argument on the same issue in its hearing of State v. Tarabochia, 2007 Wash.
4  App. LEXIS 709, 7-8 (Wash. Ct. App. 2007).

5  The Court has reviewed the cases Mr. Morris cites and finds them unconvincing. In Samson
6  v. California, the United States Supreme Court found that "'parole is an established variation on
7  imprisonment of convicted criminals.... The essence of parole is release from prison, before the
8  completion of sentence, on the condition that the prisoner abides by certain rules during the balance
9  of the sentence.'" 547 U.S. 843 (U.S. 2006) (citing Morrissey v. Brewer, 408 U.S. 471, 477 (U.S.
10 1972). Because the Supreme Court focused on the distinctive nature of parole as an *early release*
11 from a prison sentence, the holding in Samson cannot be applied to community placement/custody
12 that is imposed *after* a person has completed serving a sentence. See Morrissey, 408 U.S. at 477;
13 United States v. Reyes, 283 F.3d 446, 461 (2d Cir. 2002). Mr. Morris offers no evidence that the
14 conditions of parole are identical to those of community placement/custody; therefore, the Court
15 cannot conclude that the latter constitutes imprisonment even if the former does.

16 None of the cases that Mr. Morris points to discuss community custody/placement as
17 constituting confinement; instead, each of the cases involves a prisoner who, although released early
18 from a sentence on parole, was still considered in "custody" of the state and whose personal liberties
19 were thereby limited. See Williams v. Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003); Torres v.
20 Fauver, 292 F.3d 141, 143 (3d Cir. 2002) ("'custody' includes not only incarceration, but also other
21 restraints on liberty, such as parole" (citing Jones v. Cunningham, 371 U.S. 236, 242-43 (1963));
22 Maleng v. Cook, 490 U.S. 488, 491 (1989); Dixon v. Miller, 293 F.3d 74, 78 (2d Cir. 2002).

23 Because no reasonable jurist would find it debatable whether this Court properly found that
24 Mr. Morris' habeas claim is procedurally barred and that the failure to hear that claim will not result
25 in a fundamental miscarriage of justice, the Court DENIES the motion.

26 The Clerk is directed to send copies of this order to all counsel of record.

ORDER - 4

Dated this 15th day of January, 2008.

*Marsha J. Pechman* (signature)

Marsha J. Pechman

U.S. District Judge

ORDER - 5